**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE,<br><br>Plaintiff,<br><br>v.<br><br>THE ROYAL NATIVE CORP.,<br><br>Defendants. | Case No. 1:26-cv-5978<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, GREAT BOWERY INC. d/b/a TRUNK ARCHIVE alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of New York, Defendant's acts of infringement were directed towards the state of New York,

Defendant caused injury to Plaintiff within the state of New York, and Defendant has a physical presence in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

5. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation duly organized and existing under the laws of Delaware with a place of business at 32 Mercer Street, Floor 2, New York, New York 10012.

6. Defendant The Royal Native Corp. ("Royal Native") is a domestic business corporation duly organized and existing under the laws of the state of New York.

7. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

***Plaintiff Great Bowery, Inc. d/b/a Trunk Archive and Copyright Holder, Pamela Hanson***

8. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

9. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

10. One of Trunk Archive's most prominent photographers is Pamela Hanson ("Hanson").

11. Hanson is a world-renowned photographer whose work is included in the permanent collection at the Smithsonian American Art Museum.

12. Hanson's portfolio includes international publications such as *Vogue*, *Elle*, *Glamour*, *Porter*, *Harper's Bazaar*, *Vanity Fair*, and more. Additionally, her client list includes well-known brands such as Polo Ralph Lauren, Estee Lauder, Dior, Furla, and others.

13. Hanson's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Hanson's work deters would-be infringers from copying and profiting from her work without permission.

14. Hanson is the sole author of a black-and-white photograph of

supermodel Christy Turlington crouching as she selects a book from a shelf ("Fashion Photograph").

15. Attached hereto as Exhibit A is a true and correct copy of the Fashion Photograph.

16. Hanson registered her Fashion Photograph with the United States Copyright Office under Registration Number VA 2-420-095 with an Effective Date of Registration of October 30, 2024.

17. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-420-095.

18. Hanson subsequently granted Trunk Archive the exclusive right to license the Fashion Photograph, which includes the exclusive right to distribute, display, and reproduce the Fashion Photograph.

***Defendant, The Royal Native Corp.***

19. Defendant Royal Native is an independent fashion brand based in Locust Valley, New York, offering clothing of all types, as well as homewares. *See generally* *www.theroyalnative.com*.

20. Defendant Royal Native owns, operates, manages, and controls the Instagram Account @theroyalnative www.instagram.com/theroyalnative ("Defendant's Instagram Account").

21. At all relevant times, the Defendant's Instagram Account was readily

accessible to the general public throughout the state of New York, the United States, and the world.

22. The Defendant's Instagram Account generates content in order to promote Defendant's brand and product offerings, direct users to their online store, and generate profit and revenue for Royal Native.

23. At all relevant times, Royal Native had a direct financial interest in the content and activities of the Defendant's Instagram Account, including the activities alleged in this Complaint.

24. At all relevant times, Royal Native had the ability to supervise and control all content on the Defendant's Instagram Account.

***Defendant's Unauthorized Use of the Fashion Photograph***

25. On or about April 23, 2026, Plaintiff discovered the Fashion Photograph copied and published on the Defendant's Instagram Account with the caption "There is something about a bookstore in a small town that fees SO FALL. Especially when you're dressed in a cozy & chic CHICA JACKET & knee socks! Find new FALL VIBES CHICA JACKETS online! Scroll to the last photo for my inspiration! Tell me what feels SO FALL for you?" ("Infringing Post").\

26. Attached hereto as Exhibit E are true and correct screenshots of the Defendant's Instagram Account showing the Infringing Post.

27. As referred to in the caption of the Infringing Post, the "CHICA

JACKET" is a product made and sold by Defendant Royal Native.

28. As referenced in the caption of the Infringing Post, the Infringing Post includes multiple images, in what is often referred to as a "carousel."

29. Plaintiff's copyrighted Fashion Photograph is the last picture in the carousel of the Infringing Post.

30. Therefore, Defendant Royal Native specifically instructed viewers of the Infringing Post to scroll through the images of the Infringing Post to view the Fashion Photograph.

31. Trunk Archive has never at any point granted Royal Native a license or other permission to copy, display, distribute, or otherwise use the Fashion Photograph in the Infringing Post on the Defendant's Instagram Account or elsewhere.

32. Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Fashion Photograph to the Defendant's Instagram Account without Trunk Archive's consent or authorization.

33. Trunk Archive has never at any point given Defendant a license or other permission to display, copy, distribute, or otherwise use the Fashion Photograph in the Infringing Post on the Defendant's Instagram Account or on any other website or platform.

34. On information and belief, Defendants' use of the Fashion Photograph was deliberate and willful because they knew or should have known that they did not purchase a license to use the Fashion Photograph on the Defendant's Instagram Account or in any other way.

35. Soon after discovering the Infringing Post, Trunk Archive, through counsel, reached out to Defendants to have the Fashion Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

36. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

37. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Fashion Photograph.

38. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon the copyrighted Fashion Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Fashion Photograph without Plaintiff's consent or authority by using it in the Infringing Post.

39. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

40. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

41. Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Fashion Photograph

to the Defendant's Instagram Account without Trunk Archive's consent or authorization.

42. Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, willfully uploaded the Fashion Photograph onto the Defendant's Instagram Account because Defendant knew it did not have permission to use the Fashion Photograph.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest and exclusive rights in the Fashion Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: September 25, 2026

Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
EDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff Trunk Archive hereby demands a trial by jury in the above matter.

Dated: September 25, 2026

Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
EDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*